UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRYON M. GREENWOOD,

    Plaintiff,

v.

Case No: 10-CV-837
Honorable J.P. Stadtmueller

PARATECH AMBULANCE SERVICE, INC.,

    Defendant.

## JOINT RULE 26(F) CONFERENCE REPORT

Plaintiff's Counsel, Attorneys Janet L. Heins, James A. Walcheske, Michael G. Miner, and Scott S. Luzi of Heins Law Office LLC, and Defendant's Counsel, Alan E. Seneczko of Wessels Sherman Joerg Liszka Laverty Seneczko P.C., having conducted a conference pursuant to FED. R. CIV. P. 26(f) on December 2, 2010, pursuant to the Court's order November 12, 2010 order, submit the following joint report:

**1. Nature of Case**

Plaintiff alleges that Defendant violated the Americans with Disabilities Act of 1990, as amended, and the Rehabilitation Act of 1973, as amended. Plaintiff seeks to recover damages from Defendant for intentionally discriminating against him on the basis of his disability by discharging him in violation of the above statutes.

Defendant denies that it violated Plaintiff's rights under the Americans with Disabilities Act of 1990, as amended, and/or the Rehabilitation Act of 1973, as amended, and further asserts that the Complaint fails to state a claim under the Rehabilitation Act of 1973. Defendant denies that the Plaintiff was a "qualified individual" within the meaning of the Americans with Disabilities

Act, 42 U.S.C. § 1211(8) at the time of his termination and contends that that it terminated the Plaintiff for legitimate, non-discriminatory reasons unrelated to his alleged disability.

**2. Possibility of Prompt Resolution or Settlement**

The parties are willing to engage in one or more mediation/settlement conferences before a magistrate judge or otherwise in an effort to resolve this lawsuit. The parties are willing to participate in a proposed mediation/settlement conference, before, as well as after, the completion of discovery.

**3. Initial Disclosures under Rule 26(a)**

The parties agree to exchange initial disclosures on or before December 31, 2010. The parties do not otherwise seek any changes in the timing, form or requirement for disclosures under Rule 26(a).

**4. Electronic Discovery**

At this time, the parties do not anticipate any special issues related to the disclosure or discovery of electronic information, but will promptly address any issues that do arise during the course of discovery. The parties agree that they will initially produce hard-copy version of any formerly or currently electronically stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI. The parties ask the Court to include this agreement in the Scheduling Order herein.

**5. Preserving Discoverable Information**

The parties agreed to make any and all necessary efforts to preserve all discoverable information.

**6. Expert Witnesses**

The parties agree that in the event experts are needed, in accordance with Rule 26, the Plaintiff will disclose any experts and provide reports by April 15, 2011, and the Defendant will disclose any experts and provide reports by June 10, 2011.

**7. Amending Pleadings**

The parties shall name additional parties and amend their pleadings without leave of the court on or before January 31, 2011.

**8. Proposed Discovery Plan**

(a) <u>Subjects on which discovery may be needed</u>:

The parties agree that the subjects of discovery shall include the facts and circumstances surrounding the Plaintiff's employment, discipline and termination; the nature of the Defendant's business; the nature and extent of the Plaintiff's alleged disability; the nature and extent of Plaintiff's damages, including any alleged economic or emotional harm; the Plaintiff's efforts to mitigate his damages; as well as facts related to or issues that may arise concerning liability, defenses, and damages. The parties anticipate that discovery may include written interrogatories, requests for the production of documents, requests for admissions, depositions of lay witness and expert witnesses; and physical and mental examinations.

(b) <u>Depositions</u>:

Both parties anticipate conducting multiple depositions.

(c) <u>Completion of Discovery</u>:

The parties estimate that discovery shall be completed by September 30, 2011.

(d) <u>Limitations on discovery</u>:

The parties agree that the timing, extent and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure and the Court's Local Rules and by the court's customary Scheduling Order. Both parties reserve the right under FED. R. CIV. P. 30(a) to move for additional fact depositions or interrogatories.

(e) <u>Claim of privilege or work-product protection after production</u>:

At this time, the parties do not anticipate any special issues related to the disclosure or discovery of privileged or work product information. The parties agree that any documents, including ESI, that contain privileged information or legal work product, and all copies, shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production, within 10 days after the producing party discovers that the inadvertent production occurred. The parties agree that the recipient of such inadvertently protected information will not use the information, in any way, in the prosecution of the recipient's case. Further, the parties agree that the recipient may not assert that the producing party waived privilege or work product protection; however, the recipient may challenge the assertion of the privilege and seek a court order denying such privilege. The parties would ask the Court to include this agreement in the Scheduling Order herein.

9. **Any other orders that should be entered under Rule 26(c) or under Rule 16(b) and (c):**

(a) Dispositive motions shall be briefed, filed, and served by November 30, 2011.

Respectfully submitted this 17th<sup>th</sup> day of December 2010.

| | |
|---|---|
| HEINS LAW OFFICE LLC | WESSELS SHERMAN JOERG LISZKA LAVERTY SENECZKO P.C. |
| Attorneys for Plaintiff, Bryon M. Greenwood | Attorneys for Defendant, Paratech Ambulance Service, Inc. |
| By: /s/ *Michael G. Miner* | By: /s/ *Alan E. Seneczko* |
| Michael G. Miner, WI Bar No. 1068404 | Alan E. Seneczko, WI Bar No. 1003523 |
| Janet L. Heins, WI Bar No. 1000677 | |
| James A. Walcheske, WI Bar No. 1065635 | |
| Scott S. Luzi, WI Bar No. 1067405 | |
| 1001 West Glen Oaks Lane, Suite 108 | 1860 Executive Drive, Suite E-1 |
| Mequon, Wisconsin 53092 | Oconomowoc, WI 53066 |
| Phone: 262-241-8444 | Phone: (262) 560-9696 |
| Fax: 262-241-8455 | Fax: (262) 560-9677 |
| Email: mminer@bizwi.rr.com | Email: alseneczko@wesselssherman.com |