# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BYRON M. GREENWOOD,

    Plaintiff,

v.                                        Case No. 10-CV-837

PARATECH AMBULANCE SERVICES, INC.,

    Defendant.

## SCHEDULING ORDER

On September 24, 2010, a complaint was filed by Plaintiff in the above-captioned case, and an answer was filed by defendant on November 5, 2010. The parties submitted a Rule 26(f) Joint Conference Report on December 17, 2010. Accordingly the Court now enters the following Scheduling Order,

**IT IS HEREBY ORDERED** that:

1. Rule 26(a) Initial Disclosures will be exchanged on or before **December 31, 2010**.

2. The parties are granted up to and through **January 31, 2011**, to name additional parties and to further amend their pleadings without leave of the court. If additional parties are joined, a copy of this scheduling order must be served with the summons and additional parties shall be bound by its provisions.

3. Plaintiff must disclose his expert witnesses and provide reports by **April 15, 2011**, and defendant must disclose its expert witnesses and provide reports by **June 10, 2011**.

4. Issues relating to claims of privilege or protection of trial preparation material shall be handled as set forth below.

Any documents, including electronically stored information, that contain information which is privileged to the producing party, or legal work product, shall be immediately returned to the producing party upon notice from the party claiming the inadvertent disclosure of same or upon either party's realization that such documents were inadvertently produced. Claims of inadvertent disclosure of privileged information must be raised by the producing party within 10 days of the producing party's discovery of the inadvertent production. Parties still retain any rights or remedies for inadvertent disclosures that exist, this paragraph notwithstanding, including the right to challenge any claim of privilege or inadvertent disclosure, and may keep an identifying log as to the document produced but not the substance of its contents. In the circumstance of inadvertent production, the receiving party agrees that the information gained from said materials will not be used as evidence in the prosecution of the receiving party's case unless the court orders otherwise.

If a party receiving materials, for which the producing party claims privilege or inadvertent disclosure, objects to the designation of such material as privileged and subject to return, the producing party must file a motion for protective order with the Court regarding same and the recipient may hold, but not use, such materials until the Court resolves the motion. If such a motion interferes with a

party's ability to conduct discovery or otherwise prepare dispositive motions or for trial, the parties may seek enlargement of any deadlines so affected.

5. The parties must complete all discovery on or before **September 30, 2011**.

6. The parties must serve and file all dispositive motions on or before **November 30, 2011**.

7. Issues relating to electronic discovery shall be handled as set forth below. The parties will initially produce hard-copy versions of any electronically stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI.

8. The court will not grant more than one amendment of the scheduling order to be filed in compliance with this order, and then only if good cause is shown upon motion or stipulation of the parties filed with the clerk of the court not less than 60 days prior to the expiration of any cutoff date sought to be modified.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge