**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

BYRON M. GREENWOOD,

Plaintiff,

v. Case No. 10-CV-837

PARATECH AMBULANCE SERVICES, INC.,

Defendant.

---

## ORDER

On January 6, 2011, plaintiff Byron M. Greenwood ("Greenwood") filed an expedited Motion to Strike (Docket #11). That motion asks the court to strike defendant Paratech Ambulance Services, Inc.'s ("Paratech") fourth affirmative defense contained in its recently filed Amended Answer (Docket #10). The addition of the fourth affirmative defense is the only change made by the Amended Answer. That defense asserts that Greenwood's complaint fails to state a claim upon which relief can be granted. (Am. Answer ¶ 23). Greenwood argues that Paratech waived the defense by not asserting it in the original answer and, further, that Paratech failed to seek leave to amend.

The court will deny the motion to strike, as Greenwood's arguments are unfounded under the rules of procedure. Many (not all) affirmative defenses must be stated in response to a pleading. Fed. R. Civ. P. 8(c)(1). Specifically, a number of Rule 12(b) defenses are waived if either not made by motion prior to responsive pleading, not included in responsive pleading, or not included in an amendment

made as a matter of course to responsive pleading. Fed. R. Civ. P. 12(h)(1). However, the defense of failure to state a claim is not included in that waiver rule. Fed. R. Civ. P. 12(h)(1). Instead, the defense of failure to state a claim may be raised in any pleading allowed under Rule 7(a) by a motion for judgment on the pleadings, or at trial. Fed. R. Civ. P. 12(h)(2). Thus, that defense may essentially be raised at any time. As such, Paratech's failure to include its fourth affirmative defense in the original answer did not effect waiver.

As to seeking leave to amend, under Rule 15, a party may freely amend a pleading once within 21 days of service, or within 21 days after service of a required responsive pleading or motion under Rule 12(b), (e), or (f). After expiration of such time, a party may only amend with the written consent of the other party or leave of the court. Fed. R. Civ. P. 15(a)(2). Paratech's amended answer technically falls outside this window, but on December 17, 2010, both parties filed their Rule 26(f) joint report asking the court to set January 31, 2011, as the date through which either party can amend pleadings without seeking leave. (Report of Rule 26(f) Plan, at 3) (Docket #8). Both parties signed this document. (*Id.* at 5). It seems a bit disingenuous to now claim that, not only should Paratech have sought leave of the court, but that Greenwood will suffer prejudice unless the defense is struck. First, the court considers the joint report sufficient consent prior to the court having issued the scheduling order formalizing the amended pleadings date. Second, were the court even required to consider the alleged prejudice to Greenwood,[1] there quite

[1] Greenwood cites no authority for this proposition.

obviously is none given Paratech's ability to raise this particular defense at any time, including at trial. Thus, nothing about the way in which Paratech amended its answer supports striking the affirmative defense.

Finally, Paratech asks for an award of costs and reasonable attorney fees incurred in responding to this motion, but the court cannot grant the request under the circumstances, despite the absurdity of the motion. Counsel for Greenwood makes a point of blustering on about how Paratech's "own negligence is the real culprit for those failures" and that Greenwood "should not have to suffer the consequences of [Paratech's] careless and sloppy drafting of its initial Answer." (Mot. to Strike 2). Yet it is clear that counsel for Greenwood could have avoided drafting this doomed motion with quick reference to Rule 12.[2] The court and both parties' time seemingly could have been saved but for the real culprit of counsel's own negligence in failing to consult the rules before running off to draft a careless and sloppy motion that is ignorant of the law.

However, an award of fees would qualify as a sanction in this situation, and counsel is due more process prior to any possible sanction. A court may, on its own, order a party, attorney, or firm to show cause why Rule 11(b) has not been violated. Fed. R. Civ. P. 11(c)(3). Alternatively, a party may motion for sanctions, though that motion must be made separately from any other motion. Fed. R. Civ. P. 11(c)(2). In either case, subsequent to notice and a reasonable opportunity to respond, the

---

[2]The court was able to locate the correct law within minutes, even without the benefit of Paratech's submission.

court may impose an appropriate sanction if it finds Rule 11(b) was violated. Fed. R. Civ. P. 11(c)(1). However, a court may only award attorney fees as sanction imposed after motion. Fed. R. Civ. P. 11(c)(4); *see also Methode Elecs., Inc. v. Adam Technologies, Inc.*, 371 F.3d 923, 926 (7th Cir. 2004) (construing prior, but substantively identical, version of Rule 11, product of 1993 amendments). Thus, the court cannot grant the requested fees under Rule 11 absent a motion by Paratech.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Strike (Docket #11) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge